IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SAKILIBA MATHILDE MINES,

           Plaintiff,

v.                                       CIVIL ACTION NO. 5:04-0920

SOUTHERN REGIONAL JAIL, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court are various motions by Plaintiff Sakiliba Mathilde Mines to amend her Complaint. Defendants Teodoro Jimenez, M.D., David K. Walker, M.D., and the Southern Regional Jail, J.D. Huppenthal, Administrator of the Jail, and Officer Francis also have filed motions to dismiss. For the following reasons, the Court (1) **GRANTS** Plaintiff's second motion to amend the Complaint [Docket no. 38] and **DIRECTS** her to file the Second Amended Complaint with the changes discussed herein; (2) **GRANTS**, in part, Plaintiff's first motion to amend the Complaint [Docket no. 22] only to the extent that she may add the names of new Defendants to the Second Amended Complaint; (3) **DENIES** Plaintiff's "Supp. Motion & Memorandum for Amended Complaint" [Docket no. 28]; (4) **GRANTS** Defendants Jimenez and Walker's motions to dismiss Plaintiff's medical malpractice claims against them and **DENIES without prejudice** the remainder of their motions [Docket nos. 9 & 11]; (5) **DENIES without prejudice** the motion to dismiss by the Jail, Mr. Huppenthal, and Officer Francis [Docket no. 13]; (6) **DENIES** Plaintiff's motion for a hearing [Docket no. 37]; and (7) **DENIES** Plaintiff's "Motion

for Consultation to Set Hearing" [Docket no. 42]. The Court further **GRANTS** Defendants leave to file new motions in light of the revised Second Amended Complaint.

## I.
## FACTS

On August 26, 2004, Plaintiff filed a *pro se* civil action against the Southern Regional Jail, Mr. Huppenthal, Officer Francis, Dr. Walker, Dr. Jimenez, and seven unknown John Does. In her original Complaint, Plaintiff alleges that on September 5, 2002, while in custody at the Jail, she fainted and sustained bodily injuries. She states that she was transported to the Emergency Room at Appalachian Regional Hospital and was seen by Dr. Jimenez. After examining Plaintiff, Dr. Jimenez apparently discharged Plaintiff and told the prison guards that they could return her to the facility. Plaintiff claims that, given her injuries, Dr. Jimenez should have provided her a cervical collar. Plaintiff also claims that she was mistreated when she was transported by the prison guards and continued to be mistreated when she was returned to the jail. Plaintiff asserts she was so distressed over these events that she requested to see a Social Service Counselor; however, prison officials sent her to Psychiatrist David Walker. Plaintiff states that Dr. Walker humiliated her and was only interested in verifying her credibility. As a result of these events, Plaintiff seeks compensatory and punitive damages against Defendants.

After Plaintiff filed her Complaint, Defendants filed their motions to dismiss and Plaintiff filed her first motion to amend her Complaint. Shortly thereafter, Plaintiff retained counsel, who filed a "Supp. Motion & Memorandum for Amended Complaint," a proposed "Amended Complaint," and a Response and a Supplemental Response to the motions to dismiss. Defendants then filed individual Replies, to which Plaintiff's counsel filed a Second Supplemental Response,

to which Drs. Jimenez and Walker filed individual Surreplies. Plaintiff then filed a "Motion for Second Amended Complaint" and a "Second Amended Complaint" and then a "Second Amended Complaint Errata." Drs. Jimenez and Walker have filed objections to Plaintiff's last motion to amend. The Court now addresses some of the issues raised in these motions.

To begin, the Court addresses Plaintiff's various motions to amend her Complaint. In her original motion, which she filed *pro se*, Plaintiff requests that her Complaint be amended to replace five of the seven unknown John Does with their proper names.[1] With the supplemental motion, Plaintiff's counsel attached an Amended Complaint which entirely rewrites the original Complaint. In her "Second Amended Complaint," Plaintiff again rewrites substantial sections of the proposed Amended Complaint and adds a number of new paragraphs. Finally, in the errata, Plaintiff seeks to make a minor change to a factual statement. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.]" *Fed. R. Civ. P.* 15(a). Although Defendants have filed motions to dismiss, a responsive pleading has not been filed. Accordingly, and for good cause shown, the Court **GRANTS** Plaintiff's last motion to amend with the errata. The Court also **GRANTS** Plaintiff's first motion to amend only to the extent she may add the names of five of the unknown John Does. The Court further **DENIES as moot** Plaintiff's "Supp. Motion & Memorandum for Amended Complaint." Given that there is not a proposed Amended Complaint which incorporates the above ruling, the Court **DIRECTS** Plaintiff to revise the Second Amended

---

[1] These names are Sergeant Pugh, Officer Rudloff, Officer Canterbury, Officer Pumelia, and Officer Chapman.

Complaint listing all Defendants in the style, making the errata change, and reflecting the correct docket number.[2] Plaintiff may make no other changes to the Second Amended Complaint without prior approval of the Court.

Ordinarily, when the Court grants a motion to amend a complaint, the Court denies without prejudice any preexisting motions to dismiss because they relate to the original complaint rather than the amended complaint. However, in this case, there has been extensive briefing and Defendants Jimenez and Walker's arguments regarding Plaintiff's medical malpractice claims apply with equal force to the Second Amended Complaint as they did to the original Complaint. As the Court finds that these arguments are persuasive and Plaintiff's claims cannot survive in spite of the amendments, the Court believes it would be a waste of the parties' resources to put them through the time and expense of refiling duplicative motions, responses, and replies. Therefore, the Court will proceed to dispose of those claims at this time.

In the Second Amended Complaint, Plaintiff states two causes of actions against Drs. Jimenez and Walker. In "Claim 2," Plaintiff claims that they both "showed deliberate indifference to Plaintiff's serious medical needs, resulting in further serious medical needs and permanent injuries, pursuant to [42 U.S.C.] Sec. 1997."[3] *Proposed Second Amended Complaint* ¶ 40. In "Claim 5," Plaintiff asserts that Dr. Jimenez is liable pursuant to West Virginia Code § 55-7B-3 for

---

[2] Some of Plaintiff's recent filings, including the proposed Second Amended Complaint, have docket number 5:04-CV-092 in the style. The correct docket number is 5:04-0920.

[3] Plaintiff also named Mr. Huppenthal in "Claim 2."

"negligently fail[ing] to exercise that degree of care, skill and learning required or expected of a reasonable emergency room physician acting in the same or similar circumstances," which caused Plaintiff further injury. *Id*. at ¶ 70. Similarly, in "Claim 6," Plaintiff claims that Dr. Walker is liable under § 55-7B-3 for "negligently fail[ing] to exercise that degree of care, skill and learning required or expected of a reasonable psychiatrist acting in the same or similar circumstances," which caused further injuries from emotional distress. *Id*. at 76.

In their motions to dismiss, Drs. Jimenez and Walker argue that Plaintiff cannot maintain a medical malpractice action against them under § 55-7B-3 because Plaintiff failed to comply with the mandatory prerequisites found in § 55-7B-6 (2003). This section generally provides, inter alia, that at least thirty days before filing a medical malpractice action, the claimant must send by certified mail a notice of claim to each health care provider being sued. W. Va. Code § 55-7B-6(b). The notice must include the claimant's theories of recovery, a list of the providers and facilities being sent notices, and a certificate of merit.[4] *Id*. If there is insufficient time to obtain a certificate of merit before the statute of limitations expires, a claimant can give the health care provider a statement of intent to file a certificate of merit within sixty days of when the provider receives notice of the claim. W. Va. Code § 55-7B-6(d). After receiving notice, a provider may make a written response to a claimant or his or her counsel stating that the provider has a bona fide defense and informing the claimant or counsel of who, if anyone, is representing the provider. W. Va. Code § 55-7B-6(e). "Upon receipt of the notice of claim or of the screening certificate of

---

[4]If a claimant bases a cause of action upon a well-established legal theory which does not require expert testimony, the claimant can forego filing a certificate of merit and, instead, file a statement setting forth the alleged grounds of liability. W. Va. Code § 55-7B-6(c).

merit, if the claimant is proceeding pursuant to the provisions of subsection (d) of this section, the health care provider is entitled to pre-litigation mediation before a qualified mediator upon written demand to the claimant." W. Va. Code § 55-7B-6(f).[5]

---

[5] West Virginia Code § 55-7B-6(a) - (c), (e), and (f) provide, in relevant part:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. . . .
>
> (c) Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert

(continued...)

In her Response, Plaintiff argues that any failure on her part to provide notice of her claim, a certificate of merit, or a statement of intent of a certificate of merit before she filed this action against Drs. Jimenez and Walker should not be fatal to her claims because the requirements set forth in the statute are procedural in nature and, therefore, should not be applied in federal court. For the reasons stated in *Stanley v. United States*, 321 F. Supp.2d 805 (N.D. W. Va. 2004), however, the Court rejects this argument.

---

[5](...continued)
    testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

    \*   \*   \*

    (e) Any health care provider who receives a notice of claim pursuant to the provisions of this section may respond, in writing, to the claimant or his or her counsel within thirty days of receipt of the claim or within thirty days of receipt of the screening certificate of merit if the claimant is proceeding pursuant to the provisions of subsection (d) of this section. The response may state that the health care provider has a bona fide defense and the name of the health care provider's counsel, if any.

    (f) Upon receipt of the notice of claim or of the screening certificate of merit, if the claimant is proceeding pursuant to the provisions of subsection (d) of this section, the health care provider is entitled to pre-litigation mediation before a qualified mediator upon written demand to the claimant.

W. Va. Code § 55-7B-6(a) - (c), (e), and (f).

In *Stanley*, the United States moved to dismiss a medical malpractice case against it because the plaintiff failed to meet the mandatory prerequisites under § 55-7B-6. *Id.* at 806. As in the present case, the plaintiff admitted that he did not comply with the statutory requirements, yet he argued the statute should not be applied because it is procedural rather than substantive in nature. *Id.* at 807. Although the Fourth Circuit has not specifically ruled on whether it believes § 55-7B-6 is procedural or substantive in nature, the court in *Stanley* found that two unpublished opinions from both the Northern and Southern Districts in West Virginia held the statute was substantive and the Fourth Circuit has held similar types of statutes are substantive. *Id.* (citing *Roth v. Dimensions Health Corp.*, 992 F.2d 36 (4th Cir. 1993); *Allen v. Pendleton County Bd. of Educ.*, No. 2:03-74 (N.D. W. Va. Dec. 10, 2003); *Redden v. Purdue Pharma, L.P.*, No. 5:03-2222 (S.D. W. Va. Dec. 24, 2003)).

In *Roth*, the Fourth Circuit cited with approval *Davison v. Sinai Hospital*, 462 F. Supp. 778 (D. Md. 1978), which stated, when determining if a statute is substantive in nature, a court should consider whether the character or result of a litigation will be materially different because the suit was brought in a federal court rather than State court and whether it will discourage forum-shopping. 462 F. Supp. at 780 (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)). Using this approach, the court in *Stanley* found that litigation would be drastically different if a plaintiff was exempt from following the pre-filing requirements found in § 55-7B-6 by bringing the case in federal court. *Id.* Thus, the court found "§ 55-7B-6 must be considered 'substantive' and applicable in federal court." 321 F. Supp.2d at 808. This Court agrees with *Stanley* and finds that pre-filing

requirements in § 55-7B-6 must be followed regardless of whether the case is filed in state or federal court.[6]

Plaintiff argues that, because she was *pro se* when she filed her action, she was unaware of the requirements in the statute but she is now willing to provide Drs. Jimenez and Walker notice and a certificate of merit and agree to mediation of her claim. However, Plaintiff fails to cite any authority by which she can comply with the provisions of the statute after suit has been filed. In addition, § 55-7B-6 very clearly provides that these provisions must be complied with prior to filing a suit, which gives a defendant the opportunity to demand pre-litigation mediation. Obviously, pre-litigation mediation can have many advantages for a defendant, not the least of which is foregoing the cost of defending a lawsuit. Although Plaintiff now seeks approval to give notice and provide Drs. Jimenez and Walker with certificates of merit late, it will prevent them from taking advantage of their rights under the statute. *See State ex rel. Miller v. Stone*, 607 S.E.2d 485, 489 (W. Va. 2004) (finding medical malpractice claim was improper because it was filed before the plaintiff filed her certificate of merit, which completely foreclosed the defendant's right to demand pre-litigation mediation). In addition, as the Court in *Redden* held when it denied a motion for an extension of time to meet these requirements: "Because this action could not have been filed without . . . [notice and certification], no court would have jurisdiction to allow such an extension. . . . [In addition, the] Court cannot forecast the outcome of such an extension: would an expert be located

---

[6] In her Supplemental Response, Plaintiff states that in *Boggs v. Camden-Clark Mem. Hosp. Corp.*, 609 S.E.2d 917, 923 n.8 (W. Va. 2004), the West Virginia Supreme Court recently characterized the notice and certificate of merit provisions as "procedural niceties." However, the footnote Plaintiff cites is dicta and, moreover, it does not specifically address whether the notice and certificate of merit requirements are substantive or procedural in nature.

to certify, and so forth." Slip op. at 13-14.  Thus, for all these reasons, the Court denies Plaintiff's request to be permitted to file the notice and the certificates of merit late.

Plaintiff filed her Response to the motions to dismiss before she filed her Amended Complaint.  In her Response, she states that when she drafts her Amended Complaint she may determine that her actions will be based upon well-established legal theories, making a certificate of merit unnecessary under West Virginia Code § 55-7B-6(c).  However, even if the Court accepted Plaintiff's contention that her actions may be based upon well-established legal theories, she still has failed to comply with subsection (c) because it requires her to "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." W. Va. Code § 55-7B-6(c).[7]  Moreover, the Court finds nothing in Claims 5 and 6 of Plaintiff's Second Amended Complaint which would indicate she does not need a certificate of merit.  Therefore, for the foregoing reasons, the Court **GRANTS** Drs. Jimenez and Walker's motions to dismiss Claims 5 and 6 against them.[8]

As previously mentioned, the other claim against Drs. Jimenez and Walker is found in "Claim 2" of the Second Amended Complaint in which Plaintiff alleges they showed "deliberate

---

[7]The Court finds absolutely no merit to Plaintiff's argument that her Complaint should be considered her "notice" under the statute and that she should be given an extension of time in which to file her statement under subsection (c).  Likewise, the Court totally rejects Plaintiff's argument that the Court should consider a Freedom of Information Request sent to the Southern Regional Jail as "notice" to Drs. Jimenez and Walker.

[8]As the Court finds these claims must be dismissed, the Court further rejects Plaintiff's argument that she should be given access to her complete medical records in order to obtain a certificate of merit.

indifference" to her serious medical needs. In anticipation of the an amended complaint being filed, both Drs. Jimenez and Walker advanced arguments that this claim also should be dismissed. However, they also requested that they be permitted to more fully respond if the Court grants Plaintiff's motion to amend. As the Court has granted the motion, the Court finds that Drs. Jimenez and Walker should be permitted to more fully articulate any arguments they want to make regarding "Claim 2." Therefore, the Court **DENIES without prejudice** the remainder of their motions and **DIRECTS** Drs. Jiminez and Walker to file their motions to dismiss "Claim 2" of the Complaint on or before May 9, 2005. Thereafter, Plaintiff shall have 14 days in which to file her Response from the date each respective motion is filed. Any Reply by Defendants is due to the Court within 7 days of Plaintiff's Response.

The Southern Regional Jail, J.D. Huppenthal, and Officer Francis also have filed a joint motion to dismiss. As the Court granted Plaintiff's motion to amend and has permitted her to add five other jail employees, the Court anticipates these additional defendants will be represented by the same counsel who represents the jail, Mr. Huppenthal, and Officer Francis. Therefore, for the sake of judicial economy and to allow counsel to make any new arguments in light of the Amended Complaint, the Court **DENIES without prejudice** the joint motion filed by the Jail, Mr. Huppenthal, and Officer Francis. The Court further extends the deadline for the jail, Mr. Huppenthal, and the named officers to either answer or file a motion to dismiss until twenty days after all Defendants have been properly served. If these Defendants file a motion to dismiss, Plaintiff shall have 14 days thereafter in which to file her Response. Any Reply by Defendants is due to the Court within 7 days of Plaintiff's Response.

Finally, upon finding a hearing unnecessary at this point, the Court **DENIES** Plaintiff's motion for a hearing [Docket no. 37].  The Court also **DENIES** Plaintiff's "Motion for Consultation to Set Hearing" in which she requests "consultation with her counsel should a hearing be set." [Docket no. 42].  Plaintiff and her counsel should decide appropriate times for the two of them to consult with one another without Court intervention.

The Court **DIRECTS** the Clerk to send a written copy of this Opinion to counsel of record and any unrepresented parties.

ENTER:       April 20, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE