IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SAKILIBA MATHILDE MINES,

           Plaintiff,

v.                                    CIVIL ACTION NO. 5:04-0920

SOUTHERN REGIONAL JAIL, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to file a Third Amended Complaint. [Doc. no. 88]. By this amendment, Plaintiff seeks to add two additional Defendants, Officer Shuffleberger and Officer Stump. Plaintiff asserts that she recently discovered that these two officers were involved in underlying events in which she claims she was subjected to excessive force while she was an inmate at the Southern Regional Jail. Defendants Southern Regional Jail, Sergeant Pugh, Officer Francis, Officer Rudloff, Officer Shuffleberger, Officer Stump, Officer Canterbury, Officer Pumelia, Officer Chapman, J.D. Huppenthal and the West Virginia Regional Jail and Correctional Facility Authority (hereinafter Jail Defendants) oppose the motion. For the following reasons, the Court agrees with the Jail Defendants and **DENIES** Plaintiff's motion to file her Third Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Fed. R. Civ. P.* 15(a). In

this case, the Jail Defendants argue that the amendment should not be permitted because Plaintiff claims she was injured on September 6, 2002, and Officers Shuffleberger and Stump were not served until January 26, 2006. As service occurred long after the two-year statute of limitations found in West Virginia Code § 55-2-12[1] had expired, Defendants assert the amendment should be disallowed.

In her Reply, Plaintiff argues that the amendment should be permitted because it relates back to the date of the original pleading under Rule 15(c).[2] With regard to Rule 15(c), the

---

[1]West Virginia Code § 55-2-12 provides, in relevant part:

> Every personal action for which no limitation is otherwise prescribed shall be brought: . . .(a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]

W. Va. Code § 55-2-12, in part.

[2]In relevant part, Rule 15(c) provides:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(continued...)

Court notes that both parties cite the West Virginia Supreme Court's interpretation of the Rule found in *Brooks v. Isinghood*, 584 S.E.2d 531 (W. Va. 2003).[3] In *Brooks*, the West Virginia Supreme Court held in Syllabus Point 9, in part:

> Under the 1998 amendments to Rule 15(c)(3) of the West Virginia Rules of Civil Procedure, before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater.

---

[2](...continued)

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Fed. R. Civ. P.* 15(c). Rule 15(c) of the West Virginia Rules of Civil Procedure is virtually identical to the federal rule.

[3]"[T]he Advisory Committee notes to the 1991 Federal Civil Rules Amendments [to Rule 15(c)] make clear that state law will govern relation back if the state law is more generous than the federal approach." *Federal Leasing, Inc. v. Amperif Corp.*, 840 F. Supp. 1068, 1072 n.5 (D. Md. 1993) (citing 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1503 (2d ed. 1990 & Supp.1993) (observing same).

Syl. Pt. 9, in part. Plaintiff argues that the two new officers had notice of the pending action by virtue of the fact that she named seven "John Doe" Defendants in the original action and then was permitted to amend her Complaint to substitute the names of five Defendants, leaving two John Doe Defendants to be identified.[4] In addition, Plaintiff asserts that because the new officers will be represented by the same legal counsel as the other Jail Defendants, notice of the action can be imputed to them, and they will not be prejudiced because the witnesses and the evidence needed to defend this action will be the same as what would be needed to defend Officers Rudloff and Canterbury, who she previously identified as being the individuals who loaded her into the van and, in doing so, used excessive force. However, the Court finds these arguments unavailing.

First, the Court notes that the original Complaint in this matter was filed on August 26, 2004, just eleven days before the expiration of the statute of limitations. Plaintiff has provided no evidence that either Officer Shuffleberger or Officer Stump received any form of notice "prior to the running of the statute of limitations or within the period prescribed for service of the summons and complaint[,] as required under *Brooks*. *Id*. Plaintiff asserts that the Officers should have known they were the subject of the lawsuit by virtue of the fact that she named "John Doe" Defendants. However, the mere fact that "John Doe" Defendants were named in the Complaint does not necessarily mean that the unknown individuals knew or should have known that the action involved them or, for that matter, that the action even exists.

---

[4]The Court notes that in her revised Second Amended Complaint, Plaintiff did not name any "John Doe" Defendants in the style.

Plaintiff next argues that she could not have discovered the names of Officers Shuffleberger or Stump because there were pending motions to dismiss and she believed that the Jail Defendants were protected from producing discovery until the motions were resolved. However, there is nothing on the docket sheet of this Court that indicates Plaintiff made any effort to request such information from the named Jail Defendants nor did she ask the Court to allow limited discovery on this issue to prevent a statute of limitations problem. Moreover, the named Jail Defendants did not seek any type of protective order with respect to discovery and, in fact, began engaging in discovery before the second round of motions to dismiss were resolved.

Plaintiff further argues that, under *Brooks*, knowledge of the lawsuit can be imputed to Officers Shuffleberger and Stump because they are represented by the same counsel as the other Defendants. However, in *Brooks*, it was undisputed that the defendants at issue knew the lawsuit was pending before the statute of limitations had expired and had participated in discovery. 584 S.E.2d at 687. Here, defense counsel asserts that Officers Shuffleberger and Stump have not been involved in any written discovery or depositions. Although the Court agrees with Plaintiff that the degree of prejudice Officers Shuffleberger and Stump may experience is limited by the fact that the allegations against them appear to arise out of the same events as the other officers and discovery is in the early stages, it does not diminish the fact that the statute of limitations to bring an action against them has expired and Plaintiff has failed to make the requisite showing under Rule 15(c) that the claims against them should relate back to the original Complaint. Accordingly, the Court **DENIES** Plaintiff's motion to file her Third Amended Complaint.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                ENTER:       February 16, 2006

                _____
                ROBERT C. CHAMBERS
                UNITED STATES DISTRICT JUDGE