IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SAKILIBA MATHILDE MINES,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:04-cv-00920

SOUTHERN REGIONAL JAIL, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are: (1) Plaintiff's Motion in Limine, as amended [Dockets 155 & 207]; (2) Plaintiff's objections to exhibits, as amended [Dockets 177 & 208]; (3) Defendants' Motion in Limine [Docket 179]; and (4) Plaintiff's motions to extend time to file voir dire and jury instructions [Dockets 190-92]. For good cause shown, Plaintiff's motions to extend time [Dockets 190-92] are **GRANTED**.

    *A. Plaintiff's Motion in Limine*

In light of this Court's Memorandum Opinion and Order entered May 24, 2007 [Docket 193] and Plaintiff's amendment to her motion, Plaintiff's motion in limine [Dockets 155 & 207] is **DENIED AS MOOT**.

    *B. Defendants' Motion in Limine*

Defendants move to prohibit Plaintiff from providing the jury with specific figures or providing calculations for damages related to emotional distress, anxiety, and pain and suffering. Defendants specifically note that Plaintiff has suggested she receive $465,000 for pain and suffering

and $400,000 for emotional distress and anxiety. Plaintiff responds that she should be permitted to provide the jury with suggested calculations for her damages.[1]

The West Virginia Supreme Court of Appeals has held that:

> In an action for damages for personal injuries, an argument of counsel to the jury based on a mathematical formula, or fixed-time basis, suggesting a money value for pain and suffering, is not based on facts, or reasonable inferences arising from facts, before the jury, and constitutes reversible error.

Syl. pt. 3, *Hewett v. Frye*, 401 S.E.2d 222 (W. Va. 1990). The *Hewett* court also noted that providing a precise formula for calculating damages for pain and suffering is impermissible. The Court further stated that it is permissible to provide the jury with the time period between the injury and trial and with the plaintiff's life expectancy, but not a damages formula or monetary figure for the damages.

Based on the above, Defendants' motion in limine [Docket 179] is **GRANTED**. Plaintiff may not introduce evidence or make arguments to the jury suggesting a specific monetary figure or a formula for calculating her emotional distress, anxiety, or pain and suffering.

*C. Plaintiff's Objections to Exhibits*

In light of this Court's May 24, 2007 Order and Plaintiff's amendment to her objections, those objections are **MOOT**, with one exception. Plaintiff objects to the introduction of an "Incident Report" written by Officer Brandon Lemon [Docket 177-3 at 24], an apparent employee of the Southern Regional Jail. Defendants argue that this document is an admissible business record of the Jail pursuant to Fed. R. Evid. 803(6), which provides:

> Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made

---

[1] The Court notes that Plaintiff's brief is written in the abstract, and she does not specifically suggest what information she would present to the jury.

at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Plaintiff argues that the Jail's incident reports are untrustworthy because the officers who wrote them are "self-interested." Upon review of the particular report at issue, the Court **FINDS** that this document appears to have been made in the regular course of the Jail's business by a person with knowledge of the events described in the report, and that the nature of the report does not indicate a lack of trustworthiness.[2] The Court, therefore, **OVERRULES** Plaintiff's objection to Officer Lemon's report.

*D. Conclusion*

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  June 1, 2007

        _____
        THOMAS E. JOHNSTON
        UNITED STATES DISTRICT JUDGE

---

[2] Of course, Defendants must lay the proper foundation for the document's admission in compliance with Rule 803(6).